# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAUL STEFFES,<br><br>                Plaintiff,<br><br>vs.<br><br>KIMBERLY REED, and MI'TE PHARU EL,<br><br>                Defendants. | 8:20CV57<br><br>AMENDED<br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion to Remand, ECF No. 3, filed by Plaintiff Paul Steffes. For the reasons stated, the Motion will be granted. This Memorandum and Order has been amended to reflect that the case will be remanded to the County Court of Douglas County, Nebraska.

## BACKGROUND

Defendants removed this action from the County Court of Douglas County, Nebraska, claiming this court has federal question subject matter jurisdiction. ECF No. 1. Plaintiff promptly moved for remand. ECF No. 3. Defendants did not respond to the Motion to Remand and the deadline for doing so has passed. The Motion is deemed fully submitted.

## DISCUSSION

Federal district courts are courts of limited jurisdiction, with the extent of that jurisdiction defined by Congress. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 5 U.S. 137 (1803)). The allegations of Plaintiff's complaint determine whether a case was properly removed. "A defendant

1

may remove a state law claim to federal court when the federal court would have had original jurisdiction if the suit originally had been filed there." *Phipps v. F.D.I.C.*, 417 F.3d 1006, 1010 (8th Cir. 2005) (citing 28 U.S.C. § 1441(b)). *See also City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163 (1997).

Defendants opposing remand bear the burden of establishing that federal subject matter jurisdiction exists over the plaintiff's case. *Green v. Ameritrade, Inc.*, 279 F.3d 590 (8th Cir. 2002). Where, as in this case, removal is based on federal question jurisdiction, the defendants must show that a claim within the plaintiff's complaint arises under federal law. If the defendants meet this burden, they may remove the entire case to federal court, including any alleged state-law claims arising from the same core of operative facts. *See* 28 U.S.C. § 1367; *City of Chicago*, 522 U.S. at 164; *Phipps*, 417 F.3d at 1010 (citing *Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 536, 543 (8th Cir. 1996)).

Federal question jurisdiction may be invoked "only where a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Phipps*, 417 F.3d at 1010. This rule "makes the plaintiff the master of the claim," allowing the plaintiff to "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The allegations of the complaint existing at the time of removal control whether the plaintiff's claims are sufficient to establish federal question jurisdiction. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537-538 (1939); *Crosby v. Paul Hardeman, Inc.*, 414 F.2d 1, 3 (8th Cir. 1969). Provided a basis for subject matter jurisdiction exists, a federal court must exercise that jurisdiction over the claims presented. But, all doubts as to the propriety of exercising federal jurisdiction over a

2

removed case must be resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

In this case, Plaintiff served Defendants with a summons and complaint seeking a forcible entry and detainer order under Nebraska's Residential Landlord and Tenant Act. ECF No. 1 at 5. As stated in the one-page complaint, Plaintiff purchased real estate in Omaha, Nebraska, at a trustee's sale. He then served Defendants with a written notice to vacate the premises within three days; that three-day period lapsed; and Defendants have not vacated the property. ECF No. 1 at 3. The Complaint does not reference any federal statute, treaty, or law.

Defendants' notice of removal alleges this action "arises under a treaty of the United States, commonly referred to as the United Nations Convention on Contracts for the International Sale of Goods." ECF No. 1 at 2. In the caption of the notice, Defendants identify themselves as "Kimberly Reed, Mi'Te Pharu El, In Propria Persona, Sui Juris, and Not a Statutory Person." ECF No. 1 at 1. Construed liberally in favor of the pro se defendants, the removal notice asserts forcible eviction from Plaintiff's property will violate Defendants' religious and due process rights under the United States Constitution, and rights owed to them under a "Treaty of Peace and Friendship" and the "Established Law of the Land." They claim this court has original jurisdiction because Defendants are "MINISTER CONSULS DIPLOMATS." ECF No. 1 at 1-2.

Defendants have failed to show any basis for their apparent claim of diplomatic status, that such status affords them immunity from eviction from property, or that any federal treaty will be implicated if Plaintiff pursues his action to evict Defendants from the Plaintiff's property. Plaintiff's claims do not seek recovery based on the First

Amendment's right to religious freedom or the Due Process Clause of the Fifth Amendment. To the extent either defendant is claiming he or she is a "Statutory Person" and as such, not subject to Nebraska law, that argument is wholly unsupported.

Plaintiff's complaint seeks a remedy under Nebraska law. There is no basis for exercising federal subject matter jurisdiction over Plaintiff's claims.[1] The motion for remand should be granted.

Plaintiff seeks recovery of the fees and costs incurred in seeking remand. Even after remand, this court has continuing jurisdiction to resolve the issue of sanctions. *Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929 (6th Cir. 2002) ; *In re Knight*, 207 F.3d 1115 (9th Cir. 2000); *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323 (2d Cir. 1999); *Matos v. Richard A. Nellis, Inc.*, 101 F.3d 1193 (7th Cir. 1996); *see also Perkins v. General Motors Corp.*, 965 F.2d 597, 599 (8th Cir.1992) (holding sanctions are collateral to the merits and may be considered by the district court even when, due to appeal, it was divested of jurisdiction over the case itself). An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal, 28 U.S.C.A. § 1447(c), if the Defendants' arguments were not objectively reasonable.

The court retains an interest in policing the conduct of the parties that come before it, including those parties that attempt to remove an action from state court. This interest does not disappear upon a finding that the court does not have jurisdiction over the underlying action. *Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992). Here,

---

[1] Defendants did not cite diversity as a basis for removal. Even had they done so, removal would be improper. The complaint includes no allegations to suggest the amount in controversy, and Defendants are apparently living in Nebraska and are Nebraska citizens for purposes of 28 U.S.C. § 1332.

4

Defendants have abused the judicial process by filing a frivolous notice of removal, and even after being apprised of the law as set forth in Plaintiff's brief, they did not respond to the motion for remand much less concede that remand was proper. Defendants' removal notice was unreasonable. Fees and costs will be awarded upon a properly filed and timely notice setting forth the amounts owed. *See* NECivR 54.3 & 54.3.

Accordingly,

IT IS ORDERED:

1. Plaintiff's motion to remand, ECF No. 3, is granted, and this case is remanded to the County Court of Douglas County, Nebraska;

2. Plaintiff's request for sanctions under 28 U.S.C.A. § 1447(c) is granted and fees and costs will be awarded upon a timely motion filed in accordance with Nebraska Civil Rules 54.3 and 54.4; and

3. The clerk shall not close this case at this time. The United States District Court will retain jurisdiction for the sole purpose of ruling on any timely filed motion for sanctions.

Dated this 12th day of March, 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge